IN THE UNITED STATES DISTRICT COURT RECEIVED
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION       2006 MAY 11  P 4: 03

| | |
|---|---|
| RODNEY ANDRE LUNSFORD, ) | DEBRA P. HACKETT, CLK |
| ) | U.S. DISTRICT COURT |
| ) | MIDDLE DISTRICT ALA |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:06-CV-279-MHT |
| ) | |
| OFFICER D.G. WISE, AND ) | |
| DETECTIVE THOMPKINS, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

### WRITTEN REPORT AND ANSWER OF DEFENDANTS
### OFFICER D.G. WISE and DETECTIVE THOMPKINS

COME NOW the Defendants, Officer D.G. Wise ("Wise") and Detective Thompkins ("Thompkins"), by and through undersigned counsel and, in accordance with this Court's Order of April 3, 2006, file this Answer and Written Report in response to Plaintiff's Complaint.

### *I. PROCEDURAL BACKGROUND AND PLAINTIFF'S ALLEGATIONS*

The Complaint has been brought by Plaintiff Rodney Andre Lunsford who, on November 21, 2005, was arrested for receiving stolen property first degree. *(See Certified Copies of Case Numbers DC-2005-003440 and CC-2006-000451 attached hereto as exhibit 1 & 2).* Plaintiff originally named as Defendants, State of Alabama and Montgomery Police Department who were subsequently dismissed by this Court.

Plaintiff contends that Defendants committed the tort of assault and battery and by implication violated his Fourth Amendment Constitutional Right to be free of unreasonable search and seizures and the use of excessive force.

**Ground One**: "Assault with the intent to do bodily harm" On November 21st, 2005 at 8:30 a.m. Officer D.G. Wise #1536 ran up on Plaintiff and kicked the

right knee out from under me. Then Officer Wise #1536 kicked me in the right shoulder knocking me to the street. Then he used his knees as weapons while I was on the street top.

**Ground Two**: Detective S.E. Thompkins#1025 Arrested me illegally. Affidavit of case # 05-27267 states....Did intentionally receive, retain or dispose of stolen property to-wit: 2005 Chevy Trail Blazer....knowing it was stolen or having grounds to believe it had been stolen. Plaintiff did not know this vehicle was stolen. There was no sign of forced entry. No weather stripping torn/removed from windows. No locks or wiring were tampered with. The person who stole the truck was still in the truck.

**Ground Three: Against the State of Alabama** : The State of Alabama illegally incarcerating Plaintiff. Supporting facts that there is no proof that the Plaintiff received stolen property 1st, or stole anything.

Ground three is directed at the State of Alabama which this Court has already dismissed as a party.

## II.  STATEMENT OF THE FACTS

On Tuesday, November 21, 2005 at approximately 8:03 a.m., City of Montgomery communications dispatcher put out a "Look Out" for a vehicle that was reported stolen and was being tracked by the "On Star" system. The tracking system put the vehicle in the vicinity of South Holt Street and Early Street.

Officer Wise began to proceed to that area and came in contact with the vehicle at the corner of Underwood Street and South Holt Street. As Officer Wise approached the vehicle the driver and the passenger exited the vehicle. During this time another patrol unit arrived, at which

time Officer Baker and Officer Wise ordered both subjects to the ground. Officer Wise then took the Passenger, Carvando Canioa, into custody and Officer Baker took Plaintiff, Rodney Lunsford, whom was driving the vehicle, into custody. *(See **Affidavits of Officers D. G. Wise and Officer Baker attached as Exhibits 3 and 4**).*

Both individuals were transported to the Montgomery Police Department and were questioned by Detective Thompkins. Plaintiff repeatedly refused to give a statement of how he was in a stolen vehicle, how he got to Montgomery from Tennessee or why he was driving a vehicle that was reported stolen from Fultondale Alabama. The Plaintiff was then processed and charged due to the vehicle that he was driving was reported stolen and because of his inconsistent statements as to how he came to Montgomery from Tennessee.

Plaintiff is still awaiting trial and is being held in the Montgomery County detention facility.

### III. DEFENDANTS' SUPPLEMENTAL RESPONSE AND ANSWER

**A. DEFENDANTS DENY ALL ALLEGATIONS AND THAT PLAINTIFF IS ENTITLED TO ANY RELIEF.**

Plaintiff has alleged that he was subject to the torts of assault and battery and that his rights to be free from unreasonable search and seizure and excessive force violated his 4th Amendment rights. Defendants deny that they have violated any of Plaintiff's constitutional rights or have committed any tortuous acts against Plaintiff.

Defendants deny that Plaintiff is entitled to any relief and the Defendants are entitled to dismissal of all claims. Defendants have not violated Plaintiff's constitutional rights and have not committed assault and battery on Plaintiff.

When an excessive force case arises in the context of an arrest or investigatory stop, it is considered in the context of the Fourth Amendment's guarantee against unreasonable seizures. *Graham v. Conner*, 490 U.S. 386, 394 (1989)(holding that excessive force claims are properly analyzed under the Fourth Amendment and not under the substantive due process standard). The Fourth Amendment's "objective reasonableness" standard is applied, which requires a "careful balancing of 'the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interests at stake." Id. at 395-396 (quoting *Tennessee v. Garner*, 471 U.S. 1, 8 (1985)).

> The question the court must answer is "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent." [*Graham*, 490 U.S. at 397]. The Supreme Court's Fourth Amendment jurisprudence has recognized that the "right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." Id. at 396. Consequently, the proper application of the "objective reasonableness" test requires "careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Id. Furthermore, the reasonableness of the force "must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Id. The court must allow for the fact that "police officers are often forced to make split-second judgments--in circumstances that are tense, uncertain, and rapidly evolving..." Id. at 397.

*Hendon*, 163 F. Supp.2d. at 1322.

The Eleventh Circuit has provided further guidance. When determining whether an officer's use of force was objectively reasonable, the court should consider, "(1) the need for the application of force, (2) the relationship between the need and the amount of force used, (3) the extent of the injury inflicted and (4) whether the force was applied in good faith or maliciously and sadistically." *Moore v. Gwinnett County*, 967 F.2d 1495, 1498 (11th Cir. 1992)(quoting *Leslie v. Ingram*, 786 F.2d 1533, 1536 (11th Cir. 1986).

As alleged by Plaintiff in the present case, it is undisputed that Defendants were acting in their capacity as police officers therefore satisfying the first prong of the qualified immunity test. Plaintiff has alleged that Defendants violated his constitutional rights but completely ignore the actual facts of the case. Plaintiff contends that Defendants "Assaulted him with the intent to do bodily harm" totally ignoring the fact that he was driving a vehicle that was reported stolen. Plaintiff fails to show that any actual "Harm" came to him; he reported no injury to any member of the City of Montgomery Police Department and in his complaint he asks for surgery for his knee to which he has shown no need for such surgery.

Furthermore, the Eleventh Circuit has "established the principal that the application of de minimis force, without more, will not support a claim for excessive force in violation of the Fourth Amendment." *Nolin v. Isbell*, 207 F.3d 1253, 1257 (11th Cir. 2000). Additionally, the Eleventh Circuit continues to analyze Fourth Amendment claims of excessive force in terms of whether the injuries sustained and the amount of force applied indicate that the force was excessive. *Ruby v. Baptist Medical Center*, 21 F.Supp.2d 1341, 1350 (M.D. Ala. 1998)(citing *Gold v. City of Miami*, 121 F.3d 1442 (11th Cir. 1997); *Robinson v. Brown*, 987 F.Supp. 1470 (S.D. Fla. 1997). Here in the present case no injury was sustained, and a minimal amount of force was used. There was no altercation nor any complaint of injury.

**B. DISCRETIONARY FUNCTION IMMUNITY.**

Defendants are entitled to discretionary function immunity for allegations of assault and battery. Section 6-5-338(a), Code of Alabama, 1975, provides immunity for peace officers from tort liability for conduct in the line of duty. Specifically, in relevant part:

> "Every peace officer ... who is employed or appointed pursuant to the Constitution or statutes of this state, whether appointed or employed as such peace officer by the state or a county or municipality thereof, or by an agency or institution, corporate or

otherwise, created pursuant to the Constitution or laws of this state and authorized by the Constitution or laws to appoint or employ police officers or other peace officers, and whose duties prescribed by law, or by the lawful terms of their employment or appointment, include the enforcement of, or the investigation and reporting of violations of, the criminal laws of this state, and who is empowered by the laws of this state to execute warrants, to arrest and to take into custody persons who violate, or who are lawfully charged by warrant, indictment, or other lawful process, with violations of, the criminal laws of this state, shall at all times be deemed to be officers of this state, and as such shall have immunity from tort liability arising out of his or her conduct in performance of any discretionary function within the line and scope of his or her law enforcement duties."

"Discretionary functions" are "those acts as to which there is no hard and fast rule as to the course of conduct that one must or must not take and those acts requiring exercise in judgment and choice and involving what is just and proper under the circumstances." Sheth v. Webster, 145 F. 3d. 1231, 1239 (11th Cir. 1998).

It is undisputed that Plaintiff was driving a vehicle that was reported to the Montgomery Police department as being stolen. *(See Plaintiffs' Complaint and Affidavits of Officer Wise and Detective Thompkins, see Defendant's Exhibit 5).* Officers responded to the location given to them by the "On Star" system and found the Plaintiff driving the described vehicle. *(Affidavit of Officer Wise and Detective Thompkins and complaint of Plaintiff).*

Plaintiff has failed to offer support to any allegations of willful or malicious conduct or conduct engaged in bad faith by the Defendant officers. Defendant officers acted lawfully and within the line and scope of their duties and as such are entitled to discretionary function immunity from tort liability unless their conduct is so egregious as to amount to willful or malicious conduct or conduct engaged in bad faith. §6-5-338, *Code of Alabama,* 1975.

### C.    QUALIFIED IMMUNITY.

Additionally, based on the above, all Defendants are entitled to the affirmative defense of qualified immunity for allegations of constitutional violations pursuant to 42 U.S.C. § 1983 against Defendants sued in their individual capacities. *See Wilson v. Strong*, 156 F.3d 1131, 1135 (11th Cir.1998).

Under the doctrine of qualified immunity, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person should have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); *see also Rich v. Dollar*, 841 F.2d 1558, 1563 (11th Cir.1988). Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs, 475 U.S. 335, 341, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986).*

All Defendants are entitled to qualified immunity in the present case. Qualified immunity protects government officials acting within their discretionary authority from liability from civil trials and from liability "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S. Ct. 2727, 2738 (1982).

In order to receive qualified immunity, a public official "must first prove that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred." *Lee v. Ferraro*, 284 F. 3d 1188, 1194 (11th Cir. 2002). Having established the first requirement, the burden shifts to the Plaintiff to prove that qualified immunity is not warranted. *Id.* First "the defendant government official must prove that 'he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred.'" *Sammons v. Taylor*, 967

F. 2d 1533, 1539 (11th Cir. 1992). "Then the burden shifts to the plaintiff to demonstrate that the defendant 'violated clearly established constitutional law.'" *Id.*

Once the qualified immunity defense is raised, the plaintiff bears the burden of showing that the federal "rights" allegedly violated were "clearly established." *Barts v. Joyner*, 865 F. 2d 1187, 1190 (11th Cir. 1989), citing *Mitchell v. Forsyth*, 472 U.S. 511, 528, 105 S. Ct. 2806, 2816, 86 L. Ed. 2d 411 (1985). For the law to be clearly established to the point that qualified immunity does not apply, it must have earlier been developed in such a concrete and factually defined contest as to make it obvious to all reasonable government actors, in the defendant's place that "what he is doing" violated federal law. *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S. Ct. 3034, 3039, 97 L. Ed. 523 (1987).

"For qualified immunity to be surrendered, pre-existing law must dictate, that is, truly compel… the conclusion for every like-situated, reasonable government agent that what the defendant is doing violates Federal law <u>in the circumstances</u>." *Lassiter v. Alabama A & M University*, 28 F. 3d 1146, 1150 (11th Cir. 1994) (emphasis in original).

Also, the Eleventh Circuit has held, "When the qualified immunity defense has been raised, an opposing plaintiff must convince the court that the law clearly established that 'the defendant's conduct in the circumstances amounted to 'deliberate indifference.''" *Hill v. DeKalb Regional Youth Detention Center*, 40 F.3d 1176, 1185 (11th Cir. 1994) (quoting *Edwards v. Gilbert*, 867 F.2d 1271, 1275 (11th Cir. 1989)). The allegations the Plaintiff has made in his complaint fall miserably short of the above standards and thresholds. No where in the Complaint does the Plaintiff state the actions of the Defendant Officer Wise even approaches "deliberate indifference" nor that any "clearly established" rights were violated.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendants assert that the Complaint fails to state any cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendants deny that Plaintiff is entitled to any relief.

### THIRD AFFIRMATIVE DEFENSE

Defendants plead the general issue.

### FOURTH AFFIRMATIVE DEFENSE

Defendants deny all material allegations not specifically admitted and demands strict proof thereof.

### FIFTH AFFIRMATIVE DEFENSE

Defendants assert that Plaintiff has failed to state injuries or damages caused by Defendants which violated Plaintiff's constitutional rights.

### SIXTH AFFIRMATIVE DEFENSE

Defendants plead insufficiency of process.

### SEVENTH AFFIRMATIVE DEFENSE

Defendants aver that they are entitled to the discretionary function immunity set out in §6-5-338 Ala. Code (1975).

### EIGHTH AFFIRMATIVE DEFENSE

Defendants plead qualified immunity.

### NINTH AFFIRMATIVE DEFENSE

Defendants assert that Plaintiff was guilty of negligence, wantonness, recklessness and intentional acts or criminal acts which proximately caused or contributed to the injuries or damages he claims.

### TENTH AFFIRMATIVE DEFENSE

Defendant asserts that the claims made by Plaintiff against the Defendant is completely without merit and should be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e) (2) (B) (i).

### ELEVENTH AFFIRMATIVE DEFENSE

Defendant asserts that Plaintiff's allegations of injury are, if any, of *de minimus* injury.

### TWELFTH AFFIRMATIVE DEFENSE

Defendant pleads the applicable statute of limitations.

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendants plead the Alabama statutory monetary caps on punitive damages.

### FOURTEENTH AFFIRMATIVE DEFENSE

Defendants assert state actor immunity pursuant to Article 1 § 14, Constitution of Alabama (1901).

### FIFTEENTH AFFIRMATIVE DEFENSE

Defendants aver that Plaintiff has failed to comply with the statutory requirements of §11-47-23 and §11-47-192, *Ala. Code* (1975, as amended) prior to filing suit.

### SIXTEENTH AFFIRMATIVE DEFENSE

Defendants aver that the Plaintiff comes before this Court with unclean hands.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Defendants plead and aver the affirmative defense of contributory negligence.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Defendants plead the affirmative defense of assumption of the risk.

### NINETEENTH AFFIRMATIVE DEFENSE

To the extent applicable, Defendants plead estoppel, waiver and laches.

### TWENTIETH AFFIRMATIVE DEFENSE

Criminal Case is still in process

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendants assert that Plaintiff is not entitled to punitive damages and that the award of punitive damages would violate the Fourth, Fifth, Sixth, Eleventh and Fourteenth Amendments of the Constitution of the United States and Article 1 §§ 6, 10, 11, 15, 22, 35, 36 and 43 of the Constitution of Alabama (1901).

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendants assert that the Plaintiff is not entitled to damages for mental anguish for the alleged acts of Defendant set forth in Plaintiff's Complaint. Defendant further states that any award of damages for mental anguish would violate Defendant's constitutional rights in that a determination of damages for mental anguish under federal or state law is vague, is not based on any objective

## RESERVATION OF DEFENSES

The Defendant reserves the right to plead additional defenses as they become known in the course of discovery.

Submitted this the 11 day of May, 2006.

                                                  Michael D. Boyle ASB-1585-E68B
                                                Attorney for Defendants

Legal Division
City of Montgomery
Post Office Box 1111
Montgomery, Alabama 36101-1111
(334) 241-2050
FAX (334) 241-2310

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon all parties, as listed below, by United States Mail, postage prepaid, this the 11 day of May, 2006.

Rodney Andre Lunsford
Booking #86768
250 South McDonough Street
Montgomery, Alabama 36104

                                                  OF COUNSEL